**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00020-MR-WCM-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **LESLIE CARTWRIGHT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of the term of supervised release.  [Doc. 74].

On October 30, 2020, the Defendant pled guilty to one count of possession with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 841(a)(1).  On June 17, 2021, this Court imposed a sentence of time served and five years of supervised release.  [Doc. 69].

The Defendant commenced her term of supervised release on June 17, 2021.  The Defendant now moves the Court to exercise its discretion and terminate her term of supervised release.  [Doc. 74].  For grounds, the

Defendants cites her efforts at rehabilitation and her stellar record while on supervision. [Id.].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Here, the Defendant's progress and rehabilitative efforts to date are commendable. The Defendant served her period of home detention (imposed in lieu of a term of incarceration) and now has been on supervised release without home detention for a period of eight months. That, however, is merely eight months of that 48-month post-home detention term. Supervised release is intended, among other purposes, to keep a releasee connected to beneficial services. For this reason, it is a rare case where termination of supervised release is warranted before at least 2/3 of such term has been completed. While the Defendant's pre-sentencing term under supervision can be taken into account, the Court is not convinced that detaching the Defendant from the benefits of supervised release so soon after completion of the term of home detention is warranted or advisable. This decision is without prejudice to reconsideration of the Defendant's request at a later date.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 74], which the Court construes as a motion for early termination

of the term of supervised release, is **DENIED WITHOUT PREJUDICE**.  The

Defendant's term of supervised release shall continue as originally

sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant,

counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**  Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge

3